UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

I.A.M. NATIONAL PENSION FUND,
NATIONAL PENSION PLAN, *et al.,*

    Plaintiffs,

      v.

TMR REALTY CO, INC., and TOYOTA
LIFT OF NEW YORK, INC.,

    Defendants.

Civil Action No. 04-00594 (CKK)

**MEMORANDUM OPINION**
(March 6, 2006)

      Currently before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), Defendants' Opposition, and Plaintiffs' Reply.

Upon a searching examination of the parties' filings, the attached exhibits, the relevant case law, and

the entire record herein, the Court shall grant Plaintiffs' Motion for Leave to File their First

Amended Complaint substituting the misnamed Defendant "Toyota Lift of New York, Inc." with the

correct name "Hi-Lift of New York, Inc., trading as Toyota Lift of New York."

**I: BACKGROUND**

      Plaintiffs filed their Motion for Leave to File First Amended Complaint in this action on

August 25, 2005, in response to one of the arguments made in Defendants' Opposition to Plaintiffs'

Motion for Summary Judgment, which was submitted on August 12, 2005. Specifically, in their

initial Complaint served on Defendants, Plaintiffs named TMR Realty Co, Inc., and Toyota Lift of

New York, Inc., as the defendants in this action by a multi-employer pension plan to compel an

employer to pay withdrawal liability imposed by 29 U.S.C. § 1381. *See* Compl. at 1. After

accepting service of process without objection for an entity called "Toyota Lift of New York, Inc.,"

after attorneys entered an appearance and answered on behalf of "Toyota Lift of New York, Inc.,"

after the entity called "Toyota Lift of New York, Inc." propounded its own discovery requests and

responded to discovery requests directed to it, and even after advancing its own Motion for

Summary Judgment, Defendants – for the first time formally – argued in their Opposition to

Plaintiff's Motion for Summary Judgment that there really is no entity called "Toyota Lift of New

York, Inc." *See* Defs.' Opp'n at 3-4.  Instead, Defendants have identified the correct name of the

entity as "Hi-Lift of New York, Inc." and now seek to avoid summary judgment based on that fact.

*Id.*  "Out of an abundance of caution," Plaintiffs have moved the Court for an Order granting leave

to amend the original Complaint in this action to guard against this argument.  *See* Pls.' Mot. to

Amend at 1.

    Defendants contend that such an amendment – pursuant to a motion brought approximately

eighteen (18) months after Plaintiffs filed suit in this action – is untimely and dilatory.  *See* Defs.'

Opp'n to Pls.' Mot. to Amend at 1, 3.  According to Defendants, Plaintiffs are seeking "to

effectively bring into the litigation a completely new party under the guise of correcting a misnomer.

Specifically, the proposed amendment seeks to replace Hi-Lift as a party defendant, instead of

Toyota Lift of New York, an entity which does not exist." *Id.* at 1-2.  Defendants add three facts

that they consider emblematic of Plaintiffs' dilatory behavior, and request that the Court exercise its

discretion pursuant to Federal Rule of Civil Procedure 15(a) to punish such a delay.  First,

Defendants note that in the Declaration of Kevin J. Nash, attached to Defendants' Motion to

Transfer Venue, which was filed on December 20, 2004, Defendants stated:

> Toyota Lift has been improperly named in this suit.  In point of fact, "Toyota Lift" is
> a business name for Hi-Lift of New York, Inc., not a corporation.  Hi-Lift of New
> York Inc. is a duly franchised dealer for Toyota Industrial Handling Products in

2

New York using the name "Toyota Lift."

*See* Defs.' Mot. to Transfer, Nash Decl. ¶ 4(b).  Second, Defendants contend that in response to

discovery in January 2005, Defendants provided Plaintiffs' counsel with answers to written

interrogatories and copies of tax returns which revealed the corporate existence of Hi-Lift.  *See*

Defs.' Opp'n to Pls.' Mot. to Amend at 2.  Third, and finally, Defendants suggest that "had

Plaintiffs bothered to perform even a rudimentary computer search of the records of the New York

State Department of State – a process which takes less than one minute and is free of charge – they

would have verified that Toyota Lift is not a proper entity."  *Id.*  Defendants contend that

amendment at this time would prejudice them, given that summary judgment motions in this case

have already been filed and fully briefed.  *Id.* at 3.

In response, Plaintiffs make three central arguments.  First, Plaintiffs stress that they have

not sued and served the wrong party; rather, the original Complaint simply sues the right party by

the wrong name.  *See* Pls.' Reply in Supp. of Pls.' Mot. for Summ. J. at 2.  Plaintiffs note that

documents presented by Defendants in this litigation establish the definitive connection between Hi-

Lift of New York, Inc., and "Toyota Lift of New York."  For instance, according to a Certificate of

Assumed Name filed by Robert F. Riddle on September 6, 1996 as President of and on behalf of Hi-

Lift of New York, Inc., with the New York State Department of State Corporations and State

Records Division, Hi-Lift of New York, Inc.'s assumed name is "Toyota Lift of New York."  *See*

Defs.' Mot. to Transfer, Nash Decl., Ex. C (Certificate of Assumed Name).  Likewise, in its federal

tax returns, Hi-Lift of New York, Inc., identifies itself as "Hi-Lift of New York, Inc. t/a Toyota Lift

of New York."  *See* First Skolnick Decl., Ex. 4.  Accordingly, had Plaintiffs filed their Complaint

against "Toyota Lift of New York," rather than "Toyota Lift of New York, Inc.," the party would

have been properly served.  *See* Pls.' Reply in Supp. of Pls.' Mot. for Summ. J. at 2 (citing *Victor*

3

*Auto Parts, Inc. v. Cuva*, 560 N.Y.S.2d 269, 270 (N.Y. Sup. Ct. 1990) (New York law "would seem to permit, upon the proper filing of a doing business certificate, a business entity to maintain an action or proceeding in its assumed name. Conversely, a logical and fair interpretation would be that one who deals with the business entity under its assumed name may, similarly, bring an action or proceeding against it in its assumed name."). As such, Plaintiffs contend that they were an "Inc." away from suing the correct party, and contend that Defendants' argument elevates form above substance, to the detriment of the goals of the Federal Rules of Civil Procedure. *See* Pl.'s Mot. to Amend. at 4-5; Pls.' Reply at 3.

Second, Plaintiffs contend that there was no bad faith or evidence of undue delay on their part, as Defendants held themselves out under the name "Toyota Lift of New York, Inc." in their Answer, Certificate of Disclosure of Corporate Affiliations and Financial Interests, Motion *Pro Hac Vice* of Kevin J. Nash, Defendants' Reply to Opposition to Motion to Transfer, Defendants' Motion for Extension of Time to Complete Discovery, and Defendants' Motion for Summary Judgment. *Id.* at 2 n.1. Simply, Plaintiffs suggest that the Defendant was known to them under its trading name, "Toyota Lift of New York," and that failing to accurately identify Defendant as "Hi-Lift of New York, Inc. trading as Toyota Lift of New York" was an innocent mistake that Defendants failed to correct through the Rule 12(b) motions process. Third, and finally, Plaintiffs note that Defendants have not been prejudiced, given that the correct party has actually participated in this suit and defended itself.

## II: LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party. *Id.*; *Wiggins v.*

4

*Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994).  Once a responsive pleading is

served, however, a party may amend its complaint only by leave of the court or by written consent of

the adverse party.  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The grant or denial of leave to amend is committed to the sound discretion of the district court.  *See*

*Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The court must, however, heed Rule

15's mandate that leave is to be "freely given when justice so requires."  *Id.*; *Caribbean Broad.*

*Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).  Indeed, "[i]f the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182, 83

S.Ct. 227.

    As such, "[a]lthough the grant or denial of leave to amend is committed to a district court's

discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such

as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous]

amendments . . . [or] futility of amendment.'"  *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371

U.S. at 182, 83 S.Ct. 227); *see also Caribbean Broad. Sys.*, 148 F.3d at 1084 (citing *Bank v. Pitt*,

928 F.2d 1108, 1112 (11th Cir. 1991) for the proposition that a district court's discretion to grant

leave to amend is "severely restricted" by Rule 15's command that such leave "be freely given").

Moreover, "'Rule 15(a) does not prescribe any time limit within which a party may apply to the

court for leave to amend . . . . In most cases[,] delay alone is not a sufficient reason for denying leave

. . . . If no prejudice [to the non-moving party] is found, the amendment will be allowed.'"

*Caribbean Broad. Sys.*, 148 F.3d at 1084 (quoting 6 Charles Alan Wright, Arthur R. Miller &

Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 1488, at 652, 659, 662-69 (1990 &

Supp. 1997)).

### III: DISCUSSION

Upon an analysis of the record, the legal arguments proffered by both parties, and the

relevant case law, the Court shall grant Plaintiffs' Motion for Leave to Amend for three central

reasons.

First, there has been no undue delay by Plaintiffs in bringing their motion.  Defendants first

raised this technicality as the substantive ground for a ruling from the Court in their Opposition to

Plaintiffs' Motion for Summary Judgment filed on August 12, 2005.  Plaintiffs responded in rapid

fashion, filing this Motion for Leave to Amend only twelve (12) days later.  In many ways,

Defendants were the party responsible for any undue delay, having been aware of the error from the

commencement of this litigation and having made mention of the fact in a document connected with

their failed December 2004 Motion to Transfer Venue.  However, rather than seeking dismissal

pursuant to Rule 12(b) in a timely manner around the time of their Answer, which would have been

the proper technique, Defendants remained silent for over eighteen (18) months, bringing forth this

argument only in response to Plaintiffs' Motion for Summary Judgment.  Moreover, even assuming

*arguendo* that Plaintiffs themselves are responsible in part for this delay, it is well-settled law within

this Circuit that "[w]here an amendment would do no more than clarify legal theories or make

technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for

denying . . . [a] motion." *Harrison v. Rubin*, 174 F.3d 249, 252-53 (D.C. Cir. 1999); *see also*

*Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248-49 (D.D.C. 2004) (stating that "a

court should not deny leave to amend based solely on the time elapsed between the filing of the

complaint and the request for leave to amend").  Although in a perfect world, pleading parties would

get all elements of their action correct on the first attempt, Rule 15(a) exists in order to give litigants

the opportunity to correct their mistakes or omissions such that the Court may truly resolve a case on

the merits; indeed, "the purpose of pleading under the Federal Rules of Civil Procedure is 'to

facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one

misstep by counsel may be decisive to the outcome.'" *Dove*, 221 F.R.D. at 247 (quoting *Foman*,

371 U.S. at 181-82, 83 S.Ct. 227).

Second, there has been no bad faith or dilatory motive on the part of Plaintiffs.  To the

contrary, the naming of the Defendant as "Toyota Lift of New York, Inc." was a largely innocent

error based on the simple fact that "Hi-Lift of New York, Inc. trading as Toyota Lift of New York"

was held out to the public and known by Plaintiffs under its trade name.  Indeed, this impression was

not corrected by Defendants, who held themselves out as "Toyota Lift of New York, Inc." in a

myriad of filings stretching from their Answer, to their Certificate of Corporate Affiliations and

Financial Interests, to their Motion *Pro Hac Vice* of Kevin J. Nash, to their Reply to Plaintiffs'

Opposition to their Motion to Transfer, to their Motion for Extension of Time to Complete

Discovery, and finally, even to their own Motion for Summary Judgment.  While Defendants did

point out this error in a minor paragraph in a document attached to their Motion to Transfer Venue,

Defendants never made use of the error, nor did they make a formal Rule 12(b) motion for

dismissal.  Simply, Defendants prolonged the confusion and glossed over potential problems, never

creating an issue until faced with possible summary judgment in Plaintiffs' favor.  In contrast,

"because this is the first time that the plaintiff seeks to amend the complaint, the court cannot

conclude that the plaintiff has repeatedly failed to cure deficiencies by previous amendments."

*Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 311 (D.D.C. 2003).

Third, and perhaps most importantly, Defendants will suffer no undue prejudice from the

Court's decision to grant Plaintiffs' Motion for Leave to File Amended Complaint.  In this case,

while "Toyota Lift of New York, Inc." is technically the incorrect name for Defendant, the correct party has been actively involved in this litigation, exchanging discovery, and entering various legal motions.  Moreover, granting Plaintiff leave to amend is consistent with the general thrust of both Rule 15(b), which provides that "[a]mendments of the pleadings as may be necessary to cause them to conform to the evidence . . . may be made upon motion of any party at any time, even after judgment," *see* Fed. R. Civ. P. 15(b), and Rule 15(c)(3), which allows a plaintiff to add an omitted party to the complaint when "the party brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party," *see* Fed. R. Civ. P. 15(c)(3).  Indeed, numerous courts have recognized this rationale and have allowed leave to amend under the "traditional misnomer principle," where a party – like Plaintiff here – has named and served the right defendant by the wrong name.  *See, e.g.*, *Roberts v. Michaels*, 219 F.3d 775, 778 n.2 (8th Cir. 2000) (collecting cases); *Parker v. Dist. of Columbia*, 216 F.R.D. 128, 129-30 (D.D.C. 2002) (granting leave to change the name of defendant); *Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 716-17 (E.D. Pa. 1994), *aff'd on other grounds*, 72 F.3d 318 (3d Cir. 1995) (granting leave to amend name of defendant from "CNA Insurance Company" to "Transportation Insurance Company" and asserting that leave was appropriate where the defendant made no effort to correct the misnomer made known to them); *Wheel Masters, Inc. v. Jiffy Metal Prod. Co.*, 955 F.2d 1126, 1131 (7th Cir. 1992) (granting leave to amend name of defendant from "Jiffy Products Company, Inc." to "Jiffy Metal Products Company").  As such, it is clear that based on Defendants' own active defense in this matter, it is clear that they will suffer no undue prejudice as a result of the proposed amendment.

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant Plaintiff's Motion for Leave to File First Amended Complaint, thereby correcting the named Defendants to TMR Realty Co., Inc., and "Hi-Lift of New York, Inc., trading as Toyota Lift of New York." An Order accompanies this Memorandum Opinion.


Date:   March 6, 2006

                                        _____/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge